IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jeffrey W. Miller, M.D., | ) | C/A No. 3:10-1928-MJP-PJG |
|       Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Pitts Radiology, PA, | ) | |
|       Defendant. | ) | |
| Pitts Radiology, PA, | ) | |
|       Counter Claimant, | ) | |
| vs. | ) | |
| Jeffrey W. Miller, M.D., | ) | |
|       Counter Defendant. | ) | |

The plaintiff, Jeffrey W. Miller, M.D. ("Miller"), filed this civil action in state court against his former employer, Pitts Radiology, PA ("Pitts"). Upon the filing in state court of the Amended Complaint asserting a third cause of action for wrongful termination, Pitts removed the case to federal court. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Miller's motion to remand. Having carefully considered the parties' submissions (ECF Nos. 18, 22, & 25) regarding this issue, the court concludes that Miller's motion to remand should be granted, as the Amended Complaint raises only state law claims.

## BACKGROUND

The Amended Complaint asserts three causes of action: (1) violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-50; (2) a state law breach of contract claim; (3) a claim of "wrongful termination." (Am. Compl. ¶¶ 15-33, ECF No. 1-1 at 37-40.) The instant dispute turns on whether this third cause of action raises a federal question conferring jurisdiction in this court pursuant to 28 U.S.C. § 1331.[1] The allegations contained in the third cause of action assert that Pitts terminated Miller in violation of public policy "in that the termination was based upon Plaintiff being unwilling to engage in racially discriminatory conduct" and because Miller "did not condone [Pitts's] discriminatory opinions and views." (See Am. Compl. ¶¶ 28, 32, ECF No. 1-1 at 39-40.) Pitts argues that these allegations raise a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981. In support of his motion to remand, Miller argues that he has purposely asserted only the state tort claim of wrongful discharge in violation of public policy under South Carolina law, not a federal claim of retaliation in violation of Title VII or § 1981.

## DISCUSSION

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or

---

[1] Diversity of citizenship under 28 U.S.C. § 1332 does not appear to provide a basis for federal jurisdiction over this matter.



immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

Here, although Pitts argues that the third cause of action asserts facts that *could* support a Title VII or § 1981 claim, Miller has expressly elected not to assert such a claim in the Amended Complaint and to rely instead exclusively upon state law. Moreover, while Pitts submits that under South Carolina law Miller's claim of wrongful termination in violation of public policy cannot survive due to the availability to Miller of statutory remedies such as Title VII and § 1981, whether or not Miller's state law claim is ultimately viable is not a proper factor for the court's consideration of this jurisdictional issue. See Holt v. Tonawanda Coke Corp., 802 F. Supp. 866, 868 (W.D.N.Y. 1991) ("A motion to remand . . . decides only the question of whether there is a proper basis for federal jurisdiction to support removal, and neither reaches nor determines the merits of a plaintiff's claims or a defendant's defenses or counterclaims."); see also Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983) (stating that "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a

PJG

well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

## RECOMMENDATION

Accordingly, the court recommends that Miller's motion (ECF No. 18) be granted and that this action be remanded to state court for further proceedings. The court further recommends that Miller's request for an award of costs associated with bringing this motion be denied. Additionally, in light of the court's conclusion that jurisdiction over this matter is lacking, all pending motions (ECF Nos. 14 & 17) should be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 23, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).