# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| **Jeffrey W. Miller, M.D., ,** ] | |
| **Plaintiff,** ] | |
| ] | CA NO:10-cv-01928 |
| –vs- ] | **O R D E R** |
| ] | |
| **Pitts Radiology, P.A.,** ] | |
| **Defendant.** | |

The plaintiff Jeffrey W. Miller, filed the instant action in the Richland County Court of Common Pleas, Columbia, South Carolina against his former employer, Pitts Radiology, P.A. Plaintiff alleged causes of action against the defendant for violations of the South Carolina Payment of Wages Act (S.C. Code Ann. §41-10-50 ) and breach of contract. The defendant denied plaintiff's allegations and counterclaimed against the plaintiff for breach of contract, violation of the South Carolina Trade Secrets Act, breach of duty of loyalty, unjust enrichment, and violation of the covenant of good faith and fair dealing in his employment agreement. Thereafter, the plaintiff filed an amended complaint asserting an additional cause of action for wrongful termination. After the filing of the amended complaint, the defendant removed the action to this Court. The matter is now before the Court on the plaintiff's motion to remand this case to state court and for costs associated with the remand.

Pursuant to the provisions of 28 U.S.C. §636(b) and local Rule 73.02(B)(2) this matter was referred to United States Magistrate Judge Paige Gossett for a Report and Recommendation. The Magistrate Judge issued a Report and Recommendation on September 23, 2010 recommending that the plaintiff's motion to remand be granted and the plaintiff's requests for costs be denied..

As to her findings on dispositive matters, the Magistrate Judge makes only a

recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Recommendation to which specific objection is made. In this matter, the defendant has objected to the Magistrate Judge's Recommendation that suggests that this matter should be remanded to state court due to lack of subject matter jurisdiction.

The removing party bears the burden of proving subject matter jurisdiction on a motion to remand. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). The defendant does not dispute that plaintiff's first cause of action for breach of South Carolina Payment of Wages or plaintiff's second cause of action for breach of contract are both based on state law. Instead, defendant argues that the plaintiff's third cause of action for wrongful termination alleges "what can only be a federal claim for racially-motivated retaliation." The plaintiff's third cause of action as set forth in the amended complaint asserts *inter alia*:

> ...
>
> 28. Defendant's termination of Plaintiff violated public policy in that the termination was based upon Plaintiff being unwilling to engage in racially discriminatory conduct.
>
> 29. Defendant fostered an environment of racial discrimination and prejudice against minorities.
>
> 30. Plaintiff did not condone these attitudes and made his views known while employed by Defendant.
>
> 31.. In fact, Plaintiff's son is a member of an ethnic group that Defendant expressed discriminatory views and opinions.
>
> 32. As a result Defendant terminated Plaintiff from employment because he did not condone the discriminatory opinions and views of Defendant.

The party who brings suit is the master to decide upon what law he relies upon. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913). Here the plaintiff relies on state law. A review of the plaintiff's third cause of action clearly shows that the plaintiff does not allege that the alleged

discriminatory conduct was directed towards him. Instead, the plaintiff asserts that he was wrongfully discharged for not sharing in the defendant's discriminatory conduct and that his termination violated public policy. Therefore, no basis for federal jurisdiction is found on the face of plaintiff's complaint. See Harless v. CSX Hotels, Inc. 389 F. 3d 444 (4th Cir. 2004).

The defendant has also argued that, under South Carolina law, the plaintiff's claim of wrongful termination in violation of public policy will not survive because a statutory remedy such as Title VII or §1981 already provides a remedy for the same alleged conduct. However, it is not up to this Court to decide whether plaintiff's state law cause of action is viable or to decide the merits of the plaintiff's claims or the defendant's counterclaims. See Holt v. Tonawanda Coke Corp., 802 F. Supp. 866, 868 (W.D.N.Y. 1991). Instead this Court is to decide only the question of whether there is a proper basis for federal jurisdiction to support removal. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

Upon review, the defendants' objections are overruled. In addition, the Court approves the Report of the Magistrate Judge. The plaintiff's motion to remand is GRANTED and the plaintiff's motion for costs associated with bringing this action is DENIED. This matter is remanded to the South Carolina Court of Common Pleas for Richland County.

IT IS SO ORDERED.

**s/MATTHEW J. PERRY, JR.**
**SENIOR UNITED STATES DISTRICT JUDGE**

Columbia, South Carolina
November 3, 2010.